On Motion for Rehearing

KLEIN, J.
We withdraw our opinion filed on September 29, 2004 and replace it with this opinion.
Appellant plaintiffs brought this suit for auto accident injuries against the tortfea-sor and their UM insurer, which resulted in a low jury verdict. The issues we address are whether an offer of judgment was in good faith and whether costs should have been assessed against appellant in favor of the tortfeasor.
Plaintiff Charles Vecchio was injured in the accident by a tortfeasor who had $100,000 limits with Allstate. He sued both the tortfeasor and his own UM insurer, State Farm. The tortfeasor’s insurer offered the policy limits, which plaintiff wished to accept; however, the UM insurer refused to waive its subrogation rights. See § 627.727(6), Florida Statutes (1999). As required by section 627.727(6)(b), the UM insurer then paid plaintiffs the amount of the offer.
Plaintiffs suit against the tortfeasor and UM insurer continued through trial, but while the jury was deliberating, the UM insurer accepted the policy limits of $100,000 from the tortfeasor’s insurer, agreeing to waive its subrogation rights against the tortfeasor. This left only the UM claim pending, which resulted in a verdict totaling $48,000.
The trial court concluded that, because no judgment would be entered against the tortfeasor as a result of this verdict, since it was less than the $100,000 payment made by the tortfeasor, the tort-feasor was the prevailing party for purposes of taxing costs. We disagree. The $100,000 offer from the tortfeasor was not an offer of judgment. It was merely an offer which was not accepted. The refusal of an offer, and a subsequent verdict for damages which is less than the offer, does not make a defendant tortfeasor the prevailing party for purposes of taxing costs. *445 The trial court accordingly should not have taxed costs in favor of the tortfeasor.[1]
Plaintiffs also argue that the court erred in awarding attorney’s fees and costs to plaintiffs’ UM insurer based on the offer of judgment made by the UM insurer in the amount of $501. They argue that the low offer was not made in good faith. The UM insurer, however, had no exposure unless plaintiffs’ damages exceeded the tortfeasor’s policy limits of $100,000. The offer of $501, which was the equivalent of $100,501, was in good faith.
We therefore reverse the judgment requiring plaintiffs to pay the tortfeasor’s costs, but affirm the costs and attorney’s fees assessed against plaintiffs in favor of the UM insurer.
SHAHOOD, J., and EMAS, KEVIN M., Associate Judge, concur.

. We .would normally provide more explicit directions for the trial court in regard to costs on remand; however, we are unable to determine from this record what, if anything, should occur. Settlement with the tortfeasor while the jury was out, the terms of which are not in the record, would normally resolve the issue of costs. We are unable to find any reason in this record why the tortfeasor, after ' his policy limits were accepted, remained a party or had any interest in the outcome.